UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
July 31, 2007

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DANNY HOWARD ELDER, )
    Petitioner, )
 )
v. ) 7:05-CV-223-R
 )
NATHANIEL QUARTERMAN, Director, )
Texas Department of Criminal Justice, )
Correctional Institutions Division, )
    Respondent. )

MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate confined in the Ellis Unit of the Texas Department of Criminal Justice in Huntsville, Texas. On June 25, 2002, upon a plea of not guilty, Elder was tried by jury and convicted on two counts of aggravated sexual assault. *State v. Elder, No. 08143 (90th Judicial District of Young County, Texas); Transcript of Papers Filed in the Trial Court at 130 (hereinafter "TR")*. For each conviction, the jury assessed a life sentence and a $10,000 fine. *Id. at 135*. Elder filed a direct appeal and, on February 12, 2004, the appellate court affirmed in part and vacated in part. *Petition ¶¶ 8 & 9; Elder v. State*, 132 S.W.3d 20 (Tex. App.—Forth Worth 2004, pet. ref'd.). Elder's petition for discretionary review was refused on August 31, 2004. *Elder v. State, No. PD-048204*. Elder then petitioned the United States Supreme Court for a writ of certiorari, which it denied on March 21, 2005. Elder filed a state habeas application attacking his conviction, which, on August 31, 2005,

-1-

the Texas Court of Criminal Appeals denied without written order. *Petition ¶¶ 10-11; Ex parte Elder, No. WR-06,623-03*.

## PROCEDURAL HISTORY

This case began when the State indicted Elder on two counts of a different charge: indecency with a child that allegedly occurred on November 21, 1998.[1] The indecency with a child charges went to trial before a jury, but after the State's opening argument and direct examination of its first witness, Elder suffered a medical emergency and the trial court granted him a three-week continuance. *Elder*, 132 S.W.3d at 22. On the day trial was scheduled to resume, the State indicted Elder for aggravated sexual assault of a child that allegedly occurred during the same November 21, 1998 incident with the child. *Id.* A week later, the State moved to dismiss the first case (the indecency with a child charges) based on excess publicity, and the trial court granted the motion and dismissed the jury. *Id.*

The trial court then began trial on the second indictment containing the aggravated sexual assault charges.[2] Before trial, Elder filed a special plea of double jeopardy, arguing that the Double Jeopardy Clause of the Fifth Amendment barred his trial for aggravated sexual assault. *TR at 120*. The trial court overruled the plea, held a trial by jury, and convicted Elder on both counts. *Id. at 124*.

---

[1] The first indictment contained two counts of indecency with a child: count one involved sexual contact by Elder touching the child's genitals; count two involved sexual contact by Elder touching the child's breast.

[2] The second indictment contained two counts of aggravated sexual assault: count one involved penetration of the child's mouth by Elder's sexual organ; count two involved penetration of the child's sexual organ by Elder's mouth.

Elder appealed, arguing in pertinent part that the Double Jeopardy Clause barred his second trial. The state appellate court held the following: (1) *count two* of the aggravated sexual assault charge *was* jeopardy barred because the State used the same acts (i.e. the same evidence of the acts)[3] to prove *count one* of the indecency with a child charge at Elder's first trial; (2) *count one* of the aggravated sexual assault charge *was not* jeopardy barred because the State did not use the same acts or evidence of the acts to prove *either* of the indecency with a child counts at Elder's first trial. *Elder*, 132 S.W.3d at 23-25 (emphasis added).

After exhausting his state court remedies, Elder petitioned this Court for a writ of habeas corpus, arguing that the Double Jeopardy Clause barred his second trial. *Petition ¶ 20A*.

## DISCUSSION

### A. Governing Law

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which we now have a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997). Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

---

[3] For example, the act of Elder using his mouth to touch the child's genitals was the same act (or required the same evidence of the act) used to prove both penetration of the child's sexual organ by Elder's mouth (count two of the aggravated sexual assault indictment) and sexual contact by Elder touching the child's genitals (count one of the indecency with a child indictment).

-3-

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

Under § 2254(d)(1), a state's decision is "contrary to" clearly established federal law if the state court applies a rule that is "substantially different from" governing Supreme Court precedent, or if the state court reaches a decision opposite that reached by the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 1519-20 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; 1523.

In a § 2254(d)(1) analysis, the Court is not permitted to review the state appellate court's reasoning explaining its decision; it must only determine whether the state court's *ultimate decision* is contrary to, or an unreasonable application of, clearly established federal law. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision."). In fact, under § 2254(d)(1), a federal habeas court should assume the state court applied the correct "clearly established Federal law" in making its decision. *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2004).

**B. § 2254(d)(1)**

Under § 2254(d)(1), the Court must first set forth the "clearly established Federal law, as determined by the Supreme Court" by which to measure the state appellate court's decision. The Supreme Court has stated, "[t]he Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Brown v. Ohio*, 432 U.S. 161, 164; 97 S.Ct. 2221, 2225 (1977). "It has long been understood that separate statutory crimes need not be identical either in constituent elements or in actual proof in order to be the same within the meaning of the constitutional prohibition." *Id.* (Citations omitted). If two offenses are the "same" under this test, the Double Jeopardy Clause bars successive prosecutions. *Id.* Specifically, a lesser included and a greater inclusive offense are the "same" for double jeopardy purposes. *Brown*, 432 U.S. at 166; 97 S.Ct. at 2226. However, the determination of whether an offense is a lesser included species of a greater inclusive offense is a task left to the state courts, because state courts "have the final authority to interpret . . . that State's legislation." *Brown*, 432 U.S. at 167; 97 S.Ct. at 2226 (citing *Garner v. Louisiana*, 368 U.S. 157, 169, 82 S.Ct. 248, 254 (1961)).

With the clearly established federal law set forth, the Court must determine whether the state appellate court's ultimate decision was contrary to, or an unreasonable application of, that Supreme Court law under § 2254(d)(1). The state appellate court's decision was not contrary to clearly established federal law because there is no indication that the state appellate court applied a rule that was "substantially different from" the rules set forth above, nor does Elder's case contain a set of

facts that are "materially indistinguishable" from a Supreme Court case. *See Williams*, 529 U.S. at 405, 120 S.Ct. at 1519-20. As such, the Court turns to whether the state appellate court's ultimate decision was an unreasonable application of the Supreme Court law set forth above.

As noted, Elder is challenging the state appellate court's holding that double jeopardy did not attach to count one of the aggravated sexual assault charge. The state appellate court's holding in that respect can be summarized as follows:[4] (a) where the State does not use the same acts or evidence of the acts to prove both offenses in successive prosecutions, the offenses are not lesser included and greater inclusive offenses of the other; (b) here, the State did not use the same acts or evidence of the acts to prove either of the indecency with a child counts at Elder's first trial that it used to prove count one of the aggravated sexual assault charge at his second trial; and (c) therefore, the offenses were not the "same" because they were not lesser included and greater inclusive offenses of the other; therefore, double jeopardy did not attach to count one of the aggravated sexual assault charge. Under *Schaetzle*, the Court must assume the state appellate court applied the correct Supreme Court law set forth above. *See Schaetzle*, 343 F.3d at 444. This includes the rule that a lesser included offense and its greater inclusive offense are the same for double jeopardy purposes. *Brown*, 432 U.S. at 166; 97 S.Ct. at 2226. Of course, *Brown's* application is limited to situations where an offense is either the lesser included or greater inclusive offense of the other. And, under Supreme Court law, state courts should make the determination whether the state legislature intended an offense to be a lesser included species of a greater inclusive offense. *See Brown*, 432 U.S. at 167; 97 S.Ct. at 2226. If an offense is a lesser included or greater inclusive offense of the

---

[4] The Court considers this summary to be part of the state appellate court's ultimate decision and not part of the reasoning of the opinion, an analysis which would be prohibited by *Neal* and *Schaetzle*.

other, double jeopardy bars a subsequent prosecution of it. Here, the state appellate court determined that, under state law, the indecency with a child charges and count one of the aggravated sexual assault charge were not lesser included or greater inclusive offenses of the other because the State did not use the same acts or evidence of the acts to prove both crimes. Because the state appellate court's determination is one of state law, it cannot be an unreasonable application of Supreme Court law.[5] Therefore, Elder's § 2254(d)(1) argument fails.

### C. § 2254(d)(2)

Within his double jeopardy argument, Elder makes one point that invokes a § 2254(d)(2) analysis. Elder argues the state appellate court made a factual error in determining that the acts or evidence of the acts that the State used to prove the charges in his first trial were not the same as the acts or evidence of the acts used to prove count one of the aggravated sexual assault charge in his second trial. Under §§ 2254(d)(2) and (e)(1), Elder's argument fails unless he proves the state appellate court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding." A thorough review of the Reporter's Record from Elder's first trial provides no indication that the State used the same acts or evidence of the acts to prove the charges in Elder's first trial that it also used to prove count one of the aggravated sexual assault charge at Elder's second trial. Therefore, the state appellate court's decision that the offenses were not lesser included or greater inclusive offenses of the other was not "based on an unreasonable determination of the facts in light of the evidence presented" at trial. Therefore, Elder's § 2254(d)(2) argument also fails.

---

[5] Even if the state appellate court wrongly applied Texas state law it would not be an unreasonable application of clearly established federal law.

For the foregoing reasons, IT IS ORDERED that the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit a copy of this Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 31st day of July, 2007.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE